NELSON, Ch. J. concurred in affirming the judgment.

Judgment affirmed.

———————

THE PEOPLE, *ex relatione* The Attorney-General, *vs.* KANE.

A *police justice* cannot *constitutionally* be appointed by the *common council* of a city, though authority to make such appointment be given by act of the legislature.*

INFORMATION in the nature of a *quo warranto*. In October term, 1838, the attorney-general filed an information that on the 4th June, 1838, *Hazael Kane* had intruded into the office of *police justice* in the city of Albany, claiming to be a *police justice* of the city, and to have and enjoy the rights, &c., and emoluments of the office, and continued so to do up to [ *415 ]    the day of the filing of the information ; and *that during all such time *John O. Cole*, of the city of Albany, had been *rightfully* entitled to the office. The defendant pleaded that on the 4th of June, 1838, he was duly appointed to the office of a *police justice* by the common council of the city of Albany, in pursuance of an act of the legislature of the state passed 13th April, 1836, entitled " an act to amend the several acts relating to the city of Albany," &c., and that he had in due form took and subscribed the oath of office. To this plea the attorney-general demurred.

*W. Hall*, (attorney general) & *J. Van Buren*, for the people.

*M. T. Reynolds*, for the defendant.

*By the Court*, NELSON, C. J. The act of 6th April, 1805, § 5, authorized the appointment by the council of appointment of two special justices for preserving the peace in the city of Albany. They were vested with like powers as justices of the county, concerning felons, other public offen-

* It was, however, conceded on the argument by the *attorney-general* and his associate counsel, that the common council of a city may *designate* one or more of the *justices of the peace* of the city, or justices of the justices' court of that city, to perform the duties specially appertaining to the *police*.

ders, &c., and were to attend on specified days an office in said city called the *police office*, in the execution of their duties. In the next year, by the act of 2d April, 1806, § 4, the common council of Albany were authorized to pass ordinances *regulating the police office* and *prescribing the duties of the police justices*, &c. *See* 4 *Webst. & Skin. ed. of Laws, p.* 185 *and* 461. Thus the law stood on this subject down to the adoption of the new constitution in 1822, at least, I have seen no alteration of it, nor was any referred to on the argument. By *art.* 4, § 7, of that instrument all *judicial officers* are to be appointed by the governor and senate, except justices of the peace in the several *towns*, who were to be appointed by the judges and supervisors of the counties. § 14 made another exception; by it the appointment of the *special justices and assistant justices in the city of N. Y.* was vested in the common council of that city.

*The legislature of 1823, whose chief business it was to modify    [ *416 ] and arrange the existing laws in conformity with the provisions of the new constitution, enacted " *that justices in cities,* including the justices of the special justices' court in the city of Albany, and the justices of the marine court of the city of New-York, whose appointment is not provided for by the constitution, shall be appointed by the person administering the government of this state, with the consent of the senate," &c. fixing the tenure of the offices at four years, except the marine justices, who it is declared may hold their offices for five years, unless sooner removed by the senate, on the recommendation of the governor. *Statutes of* 1823, *p.* 63, § 8. The constitution had already provided for the *town justices,* as well as the special and assistant justices in the city of New-York; and the above section made provision for *all other justices in cities,* the mode of appointment corresponding with the 7th section of the 4th article above referred to. Then came the act of 1826, the one under which the defendant claims to exercise the powers of a *police justice,* and by virtue of which he was appointed. The 17th section of that act, *p.* 193, provides, " that the common council of said city (Albany) shall have power and authority to *regulate the police of said city, and to appoint one or more persons, being citizens of said city, and not exceeding three, as police justices, to hold their offices during the pleasure of the common council,*" giving to them the like powers as are exercised by an alderman of the city, or by a justice of the peace in *towns,* except that they are not to try causes for the recovery of debts, other than those arising out of a violation of the by-laws of the city. This seems to have been a re-enactment substantially of § 5 and 4 of the acts of 1805 and 1806, except as respects the mode of appointment. Instead of confining the power of the common council to a *regulation of the police office and prescription of the duties of the police justice* as there given, that of *appointment* is superadded: whether consistently or not with the constitution, is the question.

If the office of *police justice* is to be regarded as a *judicial*

[ *417 ]  *office*, the power conferred upon the common council is *clearly

in conflict with the 7th section of the 4th article of the constitution : and that it is so, appears to me too plain to require authority of argument. The functions of the officer are wholly of a judicial character, and his jurisdiction, civil and criminal, (with a partial restriction of the former,) co-extensive with that of justices of *towns*. The 1 *R. S.* 107, § 9, confirms this view. Justices of the marine court of the city of New-York, justices of the justices' courts of the cities of Albany and Hudson, and *all other justices in cities*, except those of whom the constitution directs the mode of appointment, shall be appointed by the governor and senate. The exception here refers to the town justices and special justices of the city of New-York, already referred to in *art.* 4, § 7 *and* 14. If these *police justices* are justices of cities, they are directly within the section. The act of 1826, § 17, itself misnamed them if they are not.

It was said on the argument that if the 17th section of the act of 1826 cannot be maintained, then there can be no such office as police justice, and of course there is no authority to appoint such officer by the governor and senate ; and hence Cole, the former incumbent, shows no title. How he was appointed does not appear. The information sets forth that he was *rightfully* entitled to the office during all the time it has been intruded into and held by the defendant ; and this is no otherwise denied than by the implication derived from the adverse title set up by the defendant. If that fails, it follows upon *this record* that *Cole* is rightfully in and entitled to hold.

The people, therefore, I am of opinion, are entitled to judgment.